**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| PHILLIP T. SHIELDS & NORMA RENEE SHIELDS, | : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 2:11-CV-00267-RWS |
| BANK OF AMERICA, et al., | : : : |
| Defendants. | : |

## **ORDER**

This case comes before the Court on Defendant Bank of America's Motion to Dismiss [4]. After a review of the record, the Court enters the following Order.

### **Background**

Plaintiff filed the Complaint in this action on August 30, 2011, in the Superior Court of Jackson County, Georgia. (Compl., Dkt. No. [1-2] at 1.) On September 29, 2011, Defendant Bank of America, N.A. removed the action to this Court on the basis of diversity jurisdiction and now moves to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). While it appears the Complaint was filed to challenge

some aspect of the Plaintiffs' mortgage loan transaction, the lack of any factual allegations in the Complaint makes it impossible for the Court to discern the nature of Plaintiffs' claim or claims. This is discussed more fully below.

## Discussion

**I.     Motion to Dismiss**

   A.    Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

2

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiffs are acting pro se, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action. " Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

3

B.   Analysis

Even taking into account Plaintiffs' pro se status, the Court holds that the Complaint in this case must be dismissed for failure to state a claim.  As stated above, to survive a 12(b)(6) motion to dismiss, a Complaint must allege sufficient facts that, taken as true, make a plausible showing that the plaintiff is entitled to legal relief.  In this case, Plaintiffs have not alleged a single fact in support of their claim or claims.  Specifically, Plaintiffs fail to allege critical facts concerning their loan transaction, such as, the identity of the original lender, the location of the property in question, the date of purchase of the property, or the amount of the loan.  Nor do Plaintiffs allege, even in conclusory terms, what harm or harms they allegedly have suffered.  Indeed, it appears to the Court, as the Defendant points out, that the Complaint was copied almost verbatim from a form document widely available on the Internet.[1]  As Plaintiffs have failed to allege any facts, much less facts raising the right to relief above the speculative level, the Complaint must be dismissed for failure to state a claim.

---

[1] See http://www.scribd.com/doc/50301435/MORTGAGE-FRAUD-COMPLAINT-110304 (last visited March 2, 2011).

4

## Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss [4] is **GRANTED**.  The Clerk is directed to close the case.

**SO ORDERED**, this  6th  day of March, 2012.

*[signature]*
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE